## TARLETON W. CHILES

*v.*

## THE BELLEVILLE NAIL MILL COMPANY.

CONTRACT—*right to recover, where wrongfully discharged, for unexpired time.* Where a plaintiff was employed as book-keeper for the term of one year, to be paid $150 per month until the defendant's mill went into operation, and $200 per month after that time, and he was discharged, without any sufficient cause, before the end of the year, and paid his wages up to the time of his discharge: *Held*, in a suit by him to recover wages for the unexpired term, that a verdict in favor of the defendant was against the law and the evidence.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, by Tarleton W. Chiles, against the Belleville Nail Mill Company, to recover wages as book-keeper. The opinion states the facts.

Mr. JAMES DILL, Mr. JAMES M. ROUNTREE, and Mr. JOHN MICHAN, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error claims he was employed by defendant as book-keeper for the period of one year, and, before the expiration of his term of service, he was discharged without any reasonable cause. It is admitted he was paid for the time he actually labored, and being ready and willing to perform his contract, this suit is brought to recover his wages for the unexpired part of the year after his dismissal. There is no pretense that there was any reasonable cause for discharging the plaintiff. Some difficulty occurred between him and the then president of the company, of a purely personal character, in no way connected with his employment, and he was for that reason dismissed from service.

The only question, therefore, in the case is, whether there was an employment for a year. On this point there is no conflict in the evidence.

The plaintiff was at first engaged by the month. Having received an offer from a company in St. Louis to keep its books by the year, he notified the directors of the defendant company he could not remain with them longer, unless he was permanently employed. Accordingly, on the 20th day of January, 1870, he submitted to the board of directors a proposition in writing, in which he proposed to keep the books for one year; and on the same day the board passed the following resolution: *"Resolved,* that Mr. T. W. Chiles be appointed a book-keeper of the company, and to attend to such other duties as the board may direct, and that he shall

receive for his services, until the mill is in operation, $150 per month, and after that time $200 per month; and that Mr. McCarty be appointed superintendent, at a salary of $1900 per annum."

The offer of the plaintiff to work a year was, in fact, accepted by the adoption of the resolution. It was obviously expected his services would be more valuable after the mill was in operation. It was uncertain when it would be ready, and hence the manner of fixing the compensation.

The proposition of the plaintiff and the resolution of the board of directors must be construed together, and when that is done, we can reach no other conclusion than that it was a contract for an entire year. It does not militate against this view that the plaintiff's compensation was to be determined by monthly installments. In *Badgely* v. *Heald*, 4 Gilm. 64, the contract was to work six months at $8 per month. It was held to be an entire contract, and the party having quit the service of his employer before the expiration of the six months, he was not permitted to recover.

The verdict of the jury is against the law and the evidence, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE BREESE: I do not concur in this opinion.