# G. S. DANA

*v.*

·JAMES L. SHORT.

1. CONTRACT—*by letter, and acceptance.* An offer by a party to employ another for labor during the winter months, by letter, and its acceptance by the other, constitutes a contract according to the terms contained in the letter, and such a contract is mutually binding.

2. SAME—*recovery by laborer when discharged.* If one commences service, under a contract to labor for another during the winter months at $10 per week, and is discharged at the end of the first month, without cause, and, after reasonable exertion, fails to find other employment, he may recover the wages agreed to be paid him, and in such case it is not necessary he should remonstrate at being discharged.

APPEAL from · the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action originally brought before a justice of the peace, by James L. Short, against G. S. Dana. On appeal to the circuit court, the cause was tried by the judge, without a jury, resulting in a judgment of $104.35 in favor of the plaintiff.

The defendant sent the plaintiff a letter, of which the following is a copy:

SPRINGFIELD, ILL., *Sept.* 21, 1874.

MR. J. L. SHORT, *Chatham:*

DEAR SIR—Mr. Lavely has got a place as book-keeper at higher wages, and has left. I am not very busy now, but expect to have a good deal of potato work soon. If $10 per

week through the winter will be worth your while to come and work for me, let me know at once. It is very probable you will be worth more to me; if so, I never wait to be asked for more wages.        Yours, truly,

G. S. DANA.

The proof showed an acceptance of the offer, and that the plaintiff commenced the service.

Messrs. JOHN M. & JOHN MAYO PALMER, and Mr. WEBNER E. LOOMIS, for the appellant.

Messrs. BRADLEY & BRADLEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The offer contained in appellant's letter to appellee, when at Chatham, and appellee's acceptance thereof, created a contract according to the terms contained in the letter. Those terms were, constant work for the ensuing winter at ten dollars per week. Appellee was bound by these terms to work for appellant through the winter, for ten dollars a week. He entered upon the service, and was discharged without any fault on his part, in about one month, and has failed to procure employment elsewhere, after making reasonable efforts in that direction.

There was mutuality in the contract, and it has not been kept by appellant, and no reason given why he did not keep it. It would not have availed appellee to have objected at the time of his discharge. Appellant had determined on his course of action, and remonstrances by appellee would have been unavailing. He could not compel a specific performance, but the law gives him redress for the damages he has sustained, which were properly found by the court, there being sufficient evidence of the contract.

We see no reason for reversing the judgment, and it will be affirmed.

*Judgment affirmed.*