FRANK P. DRENNAN

v.

R. C. HUSKEY ET AL.

*Trust Deeds—Foreclosure—Loan Agents—Commission—Usury—Practice—Decree—Preservation in Record of Facts in Support of—Mechanic's Lien.*

Drennan v. Huskey.

1. In chancery causes the record must show upon its face the facts necessary to support the decree.

2. This rule does not apply to statutory proceedings of a chancery character, such as a mechanic's lien.

3. When sufficient facts are recited in the decree they will be presumed to have been correctly found, unless the evidence preserved disputes such presumption.

4. Upon a bill brought to foreclose a trust deed, this court holds the claim that the transaction involving the making of the loan which it was given to secure was usurious, was unsupported by the evidence.

5. In the case presented, upon the contention that, as the decree finds usury and states that unpreserved oral testimony was introduced, there was evidence to support the finding, this court holds, in the absence from the record of the particulars as to the deduction referred to, that such finding can not be sustained.

[Opinion filed January 21, 1889.]

In ERROR to the Circuit Court of Christian County; the Hon. CHARLES S. LANE, Judge, presiding.

Messrs. FRANK P. DRENNAN and W. M. PROVINE, for plaintiff in error.

The application which Huskeys signed and swore to, constituted and appointed said Bunn as their agent and attorney to procure for them this loan. This is not denied by Huskey or any other witness. Bunn testifies that he was only acting as the agent of Huskeys in making this loan, which testimony is not contradicted by any one. Hence it is clearly proven, by positive proof as well as by all the circumstances surrounding this transaction, that Bunn was only a loan broker, engaged in the business of loaning other persons' money. That the taking of commissions by him as such agent did not render the transaction usurious, there being no proof of any arrangement between Bunn and the lender, and no knowledge of the same on the part of the lender, has been held in the following cases: Phillips v. Roberts, 90 Ill. 492; Kilholz v. Wolf, 103 Ill. 362; Brown et al. v. Scottish Am. Mort. Co., 110 Ill. 235; Hoyt et al. v. Pawtucket Inst. et al., 110 Ill. 390; Cox v. Mass. Mut. Life Ins., 113 Co. Ill. 382; Chandler v. Roberts, 17 Ill.

App. 539; Halderman et al. v. Mass. Mut. Life Ins. Co., 120 Ill. 390.

In case of Drennan v. Bunn, at the November term, 1887, of this court, it was held that the identical bonds in question in this suit were not tainted with usury. The proof in that case was substantially the same that it is in this. Cooper v. Nock, 27 Ill. 301; Hewitt v. Dement, 57 Ill. 500; Ferguson v. Sutphen, 3 Gilm. 547.

It is incumbent on the party seeking to sustain a decree in his favor to preserve the evidence, etc. Mass v. McCall, 75 Ill. 190; Updike v. Parker, 11 Ill. App. 356; Morrison v. Collins, 98 Ill. 510.

A case will not be helped out by presuming that evidence was heard, which does not appear in the record. Brooks v. Martin, 64 Ill. 389.

If the record does not contain all the evidence it is for the party in whose favor the decree was rendered to supply the omitted part. Brooks v. Martin, 64 Ill. 389.

Mr. GEORGE B. BURNETT, for defendants in error.

WALL, J. The plaintiff in error filed his bill in chancery in the Circuit Court of Christian county to obtain a decree of foreclosure upon a certain deed of trust given to secure the indebtedness set out in the bill.

That indebtedness was evidenced by two certain bonds, aggregating $1,800, signed by R. C. Huskey and Eva J. Huskey, his wife, payable to Thomas J. Bunn, or bearer, six years after their date (April 15, 1874), with interest at the rate of ten per cent. per annum, the interest to be paid semi-annually as per coupons attached.

Though the bonds were payable to said Bunn he was really acting in the capacity of an agent or loan broker, the money being furnished by one Loomis, of Hartford, Connecticut, and the name of Bunn being used only for the sake of convenience. Bunn and one S. M. Moore, who lived near Huskey and through whom Huskey first applied for the loan, charged Huskey by a special agreement with him a commission of

Drennan v. Huskey.

eight per cent. for procuring the money, of which commission Bunn received five and Moore three per cent. The lender, Loomis, furnished the entire sum loaned, and from this the commission was retained by Bunn and Moore respectively. With these commissions the lender had nothing to do and they were clearly a matter between the borrower and his agents, Bunn and Moore. The interest was paid for several years, and finally, a default having been made, the property was advertised for sale under the deed of trust. It was then ascertained that Mrs. Huskey had died and therefore it would be necessary to proceed by bill in chancery to foreclose. The complainant having purchased the bonds and taken an assignment thereof, filed this bill against R. Huskey, Alma Huskey sole heir of Eva J. Huskey, deceased, Powell, the trustee, and Fisher, the tenant. The answer of the Huskeys set up usury as a defense, and that a sum equal to the principal had been paid. The decree upon a final hearing was for the defendants, upon which error is now assigned.

In the case of Drennan v. Bunn, which was before us at a former term, we had occasion to inquire whether these bonds were tainted with usury, and upon substantially the same state of facts as above set forth we held in the negative. It is unnecessary to repeat the considerations upon which we, reached that conclusion and we need only say we see nothing to induce a change of the ruling then made upon the point.

It is urged, however, that as the decree finds there was usury, and as it is recited that there was oral testimony which has not been preserved, it is to be presumed there was evidence to support the finding.

Originally the practice in chancery required the evidence to be reduced to writing so that the record contained the proof upon which the findings as to contested points were based, and when the evidence in the record failed to support the decree as to such points there was ground for reversal.

In this respect the practice was and is precisely opposite in proceedings at law, where the rule is, that unless from evidence preserved in the record it appears the judgment is erroneous, it will be affirmed.

An analogous difference between proceedings at law and in chancery has always prevailed. At law the plea is held to admit an allegation in the declaration not denied, while in chancery, if the answer neither admits nor denies, the allegation must still be proved.

When the Legislature provided that oral evidence might be heard in chancery causes, it was urged that such testimony need not be preserved, but it was held that the practice had not been changed, and it was still necessary that the record should, upon its face, show the facts requisite to support the decree, though it would be sufficient if such facts appeared in the findings of the decree. This was first announced in White v. Morrison, 11 Ill. 361, where it was said, "When this statute is acted on, the testimony of the witnesses, or the facts proved by them, ought still to appear in the record. It may be stated in the decree, in a bill of exceptions, in a certificate of the judge or in a master's report; we conceive it to be the duty of the Circuit Court to see that the testimony is incorporated in the record in some of these ways. This court will not presume that any other proof was made than what is thus stated in the record."

The practice thus declared has since been adhered to, though it is not applicable in such statutory proceedings of a chancery character as mechanics' liens. Kelly v. Chapman, 13 Ill. 530; Ross v. Derr, 18 Ill. 246. Where sufficient facts are recited in the decree it will be presumed they are correctly found unless the evidence is preserved and shows the contrary. Cooley v. Scarlett, 38 Ill. 316; McIntosh v. Saunders, 68 Ill. 128.

When the findings of the decree are relied upon, it is essential that the specific facts proved on the hearing should be set out. The findings are merely substituted for the evidence itself, and while such details as the questions and answers, the expressions of the witnesses, their names and the like may be omitted, yet the findings must recite such specific facts as will support the decree. White v. Morrison, *supra ;* Ward v. Owens, 12 Ill. 283; Moore v. School Trustees, 19 Ill. 83; Hughes v. Washington, 65 Ill. 245; Marion v. Collins, 98 Ill. 510.

Drennan v. Huskey.

The recital in the present decree upon which reliance is had is as follows: "And the court further finds that there was deducted from said principal the sum of one hundred and forty-four dollars ($144) in advance, which sum so deducted was usury and forfeited all interest."

This is clearly not sufficient. It does not appear how, or for what purpose, or by whom the deduction was made, but from the fact that it was made and made in advance, the conclusion is drawn that it was usury. It does not even appear that the sum was deducted on account of interest. The phrase, "Which sum so deducted was usury and thereby forfeited all interest," merely expresses the inference drawn by the court from the preceding statement that the sum named had been deducted from the principal in advance. But if this language were construed to be declaratory of the fact that the deduction was usurious, still the finding is deficient, for without the particulars attending the deduction and giving it color, it can not be determined whether the transaction was indeed usurious. We regard it, however, as but the statement of a conclusion of law from the fact preceding.

The party affected by the decree can not be deprived of his right to present the facts found by the court upon the evidence, and inquire whether they support the conclusions reached. Hughes v. Washington, *supra*. The record contains the depositions of Huskey, Moore and Bunn, all concurrent and establishing the point that the deduction of $144 was for the commission of the two latter as agents of the former, for procuring the loan. There was no other deduction. This was the deduction referred to, and its character and purpose appear beyond all dispute from the testimony of the chief actors in the transaction. We can not infer that there was evidence contradicting this proof, merely from the use of the expression above quoted, but, if we could, the expression must be held insufficient as a recital of facts necessary to maintain the decree.

It follows that the decree must be reversed and the cause remanded.

*Reversed and remanded.*