## James M. Dooley, Administrator, etc., v. Ira Lackey et al.

1. SUBROGATION—*Rights of an Indorser.*—An indorser upon a promissory note who is required to answer to the holder, is entitled to be subrogated to the rights of the holder.

2. CHANCERY PRACTICE—*Preservation of Evidence.*—In chancery practice the evidence may be preserved by recitals in the decree, by a bill of exceptions, certificate of the judge or by a master's report.

**Memorandum.**—Bill in chancery to adjust accounts, etc. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Decree upon master's report. Error by complainants. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed April 28, 1894.

Dooley v. Lackey.

Brief for Plaintiff in Error, Kerrick, Lucas & Spencer, Attorneys.

A surety, paying the debt of his principal, has a clear right to be substituted in place of the creditor as to all securities held by the latter and to have the same benefit he would have therein. Dunphy v. Gorman, 29 Ill. App. 135; Wise v. Shepard, 13 Ill. 46; Burgett v. Paxton, 99 Ill. 288; Lochenmeyer v. Fogarty, 112 Ill. 572; Rice v. Rice, 108 Ill. 199; Hanford v. Priority, 133 Ill. 339; Bressler v. Martins, 133 Ill. 278; 1 Story's Eq. Jur., Secs. 327, 499, 502; Bispham's Equity, Sec. 386.

Where a guarantor is compelled to pay a judgment he will in equity be entitled to be subrogated to the plaintiff in the judgment. Junker v. Rush, 136 Ill. 179.

Brief for Defendant in Error, Edward Barry and John E. Pollock, Attorneys.

It is not necessary that the person in whose favor a decree is rendered should preserve the evidence, providing the facts are found in the decree. In the absence of a bill of exceptions or certificate of evidence, it will be presumed that the findings of the decree were warranted by the evidence heard by the court. In the absence of a certificate preserving all of the evidence heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the findings. Brown v. Miner, 128 Ill. 156; Marvin v. Collins, 98 Ill. 510; Allin v. LeMoyne, 102 Ill. 25.

A recital of the facts found in the decree is sufficient. Baird v. Powers, 131 Ill. 66; Walker v. Carey, 53 Ill. 477.

When the evidence is not preserved by certificate of evidence, it will be presumed that it warranted the finding of the facts in the decree. Shope v. Schaffner, 140 Ill. 470; Metcalf v. Bradshaw, 145 Ill. 124.

In the absence of a certificate preserving all of the evidence heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the finding. Brown v. Miner, 128 Ill. 156.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery filed by Elisha B. Steere, since deceased, against Ira Lackey and Wm. J. Brownell and others, for the purpose of adjusting certain accounts and demands between the parties and to determine their several rights with respect to certain real estate held by the complainant as trustee.

Answers were filed by Lackey and Brownell, and Lackey filed a cross-bill. The original bill was amended. Answer was filed to the cross-bill. The cause was referred to a special master, who took the proofs and reported his conclusions of fact. The court, upon consideration of the proofs and conclusions so reported by the master, rendered a decree finding there was due from the complainant in the original bill to said Lackey, complainant in the cross-bill, the sum of $1,489.30, which was ordered to be paid in due course of administration. It was found that the said Brownell had no interest in the matter of the real estate, but that the same was held in trust for Lackey, and that it was worth no more than the incumbrances thereon, and that said Lackey was entitled to no relief on account of said property.

It is not necessary to state in detail the various transactions involved in this controversy. They are numerous and somewhat complicated, but there is no substantial dispute as to the controlling facts.

After a careful examination of the whole matter we are of opinion that the conclusion reached by the decree is erroneous, for the reason that it does not charge Lackey with the amount of the judgment held by Brownell against him, upon a note indorsed by the complainant, Steere. This judgment was never paid, and Steere, as the indorser of the note, was required to answer to Brownell on this account in the sum of $2,054. Having done so, he was entitled to be subrogated to the rights of Brownell, and to charge the amount so paid by him against Lackey.

The decree took no account of this item, but proceeded upon the theory that at the date of agreement, under which the trust property came into the hands of Steere, Lackey

Dooley v. Lackey.

was not indebted to him in respect to the subject-matter of the Brownell judgment.   This, however, if true, would furnish no reason for excluding it from consideration.

Steere had previously indorsed the note which was then in suit, and had incurred a contingent liability which afterward became absolute.   It grew out of and was really a part of the other items that were adjusted by the decree and should have been treated as a valid charge in favor of Steere against Lackey.

It is argued, however, on behalf of Lackey, that no objection can be taken to the decree because there is no certificate of evidence in the record, and that in the absence of such a certificate, it will be presumed the finding of facts in the decree was warranted by the proof.   Assuming, as this argument does, that according to the facts found by the decree, the conclusion thereof is correct, the answer is that in chancery practice the evidence may be proved by recitals in the decree, by a bill of exceptions or certificate of the judge, or by a master's report.   White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Id. 283; Smith v. Newland, 40 Id. 101; McIntosh v. Saunders, 68 Ill. 123; Drennan v. Huskey, 31 Ill. App. 208.   If it appeared that there was oral or other proof not preserved in the record, the presumption would be that such proof was in support of the findings of the decree.

In the present instance it is affirmatively shown that the cause was heard upon the master's report in which he presented the proof taken and his conclusions of fact.

It is suggested that the first evidence of Steere appearing in the record shows that he was then recalled, from which it is argued that he had testified previously, and that his testimony so previously taken had not been preserved—but this is explained by the fact that this part of the record is not made up in the proper chronological order—and the previous testimony of Steere is found a few pages later. The date of each deposition is given so that there can be no question as to which was first taken.

It may be noticed also that by answer and cross-bill it is

admitted that this judgment was rendered, that it was unpaid, and that Steere had been compelled to respond to Brownell as already stated, so that these facts are not to be denied by Lackey.

The decree will be reversed and the cause remanded.