Ralph Alexander, Defendant in Error, v. Jack Potts, Plaintiff in Error.

## Gen. No. 14,725.

1. MASTER AND SERVANT—*what ground for discharge.* A servant must use his best efforts and be diligent to serve the interests of the master in the business in which he is employed, and when the servant's conduct is such as to be detrimental to his master's business, resulting from wilful acts of misconduct on his part, such misconduct becomes just grounds for his discharge by the master.

2. MUNICIPAL COURT—*when exceptions not essential.* In fourth class cases, rulings are preserved for purposes of review without the saving of exceptions.

3. RES ADJUDICATA—*when bar to further action.* If a judgment has been rendered determinative of a controversy arising under a contract, a second action upon such contract does not lie.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed November 22, 1909.

JOHN R. PHILP and W. S. JOHNSON, for plaintiff in error.

HENRY C. ADAMS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff claims that he was employed by the defendant and his wife, Effie H. Potts, to serve them in the retail millinery business managed by Mrs. Potts in the Venetian Building, Chicago, Mr. Potts carrying on at the same time a wholesale business at 90 Wabash avenue, Chicago. The time of employment, plaintiff claims, was from August 29, 1907, to December 20, 1907, and the wage $35 per week. On the trial Mrs. Potts was dismissed out of the case. This review is sought from a judgment for $219.50 against defendant, with costs.

Defendant contends that the time of employment was for the season covering substantially between the dates claimed as the time of employment, but only so long as plaintiff was satisfactory to defendant, at $35 per week; that defendant was discharged because he was not satisfactory; that a prior recovery of a judgment for one week's unearned wage is a bar to any further recovery. That plaintiff's conduct was unseemly he tacitly admits. Once he apologized to Mrs. Potts for his impertinence. It is plain that his conduct was subversive of discipline among the other employes and detrimental and hurtful to defendant's business. On one occasion he called Mrs. Potts "crazy" in the presence of workers and customers. For this, it is true, he apologized to Mrs. Potts, but this conduct, taken with the unwarrantable familiarity inferable from his addressing Mrs. Potts in the presence of customers as "Honey dear," the female employes as "honey," and some of the customers as "girlie," did not condone his offenses. This is not all. On Mrs. Potts leaving a customer with plaintiff to wait upon, as Mrs. Potts departed he remarked to the customer, "I hope I won't see that face again," referring to Mrs. Potts. On this same customer expressing her displeasure at her hat not being ready, he said to her in reply, "Oh, you cannot depend upon Mrs. Potts; she is too unreliable." Such behavior on the part of plaintiff was all sufficient in our opinion to justify his discharge, contract or no contract. A servant must use his best efforts and be diligent to serve the interests of the master in the business about which he is employed, and when the servant's conduct is such as to be detrimental to his master's business, resulting from wilful acts and misconduct on his part, such misconduct becomes just grounds for his discharge by the master. Shields v. Carson, 102 Ill. App. 38; Hamlin v. Race, 78 Ill. 422.

Plaintiff failed to maintain his contention that he was employed for a definite and fixed time by the

greater weight of the evidence. On this point he is flatly contradicted by defendant and his wife. The case of Kenyon v. Hampton, 70 Ill. App. 80, is decisive on this point.

Prior to the bringing of this suit plaintiff sued upon the contract here involved and recovered a judgment for the amount of one week's unearned wages. This judgment was paid by defendant and satisfied of record. Defendant's counsel, after making proof to that purport by the records of the Municipal Court, moved for a judgment in favor of defendant on the ground that the former recovery and satisfaction was a bar to any further action. This motion the court denied, and such denial is assigned and argued as error. Plaintiff contends that no exception being preserved to the ruling of the court in denying such motion, our review cannot be invoked as to this action of the court. This case is of the fourth class under the Municipal Court Act, which under paragraph 8, section 23, provides "nor shall any exceptions to the ruling and decisions of the Municipal Court upon the trial * * * be necessary to the right of either party to a review of such rulings and decisions in the Supreme Court or Appellate Court on their merits." No exception to this vital ruling of the court was essential to a review of its correctness by this court. Under well-settled doctrine, the former recovery was a bar to any further suit on that contract. The motion to dismiss should have been allowed. There was no question of fact for submission to the jury. In a case of this character Mr. Presiding Justice McAllister in a concurring opinion said on this point, in Jones v. Dunton, 7 Ill. App. 580: "Whatever might be the measure of damages where the action was brought before the contract expired, as it must be founded on the wrongful discharge, and be to recover damages for such wrongful discharge, it is clear to my mind that he cannot bring an action and recover before the time expired and then maintain another after the contract time had expired, and recover

for the same breach. Although the present suit was brought after the time of hiring had expired, yet it appears that the plaintiff had, soon after his discharge, brought suit, not for wages previously earned, but necessarily, as damages for such discharge, and recovered forty dollars damages. No matter how those damages were measured, the *gist* of the action must have been the illegal discharge. That judgment I regard as a bar to any further recovery; and on that ground am for affirming the judgment below." The first judgment of plaintiff not being for wages earned, must necessarily be for damages for illegal discharge, and is by parity of reasoning a bar to the suit now being reviewed, or any other action involving the hiring contract. Weill v. Fontanel, 31 *ibid.* 615; Monarch Cycle v. Mueller, 83 *ibid.* 359, and authorities cited in the Mueller case.

There being no question of fact for the jury, but one of law for the court—that the cause before us for review is barred by a former recovery—the judgment of the Municipal Court is reversed and judgment entered in this court for defendant.

*Reversed and judgment for defendant here.*