## ALEXANDER WHITE, Impl'd, etc.

### v.

## JOHN GRAY.

1. MASTER AND SERVANT—CONTRACT FOR SERVICES.—Where a servant quits his employment of his own accord, or by mutual consent, he can recover only at the agreed monthly rate for the time he was actually employed. If he seeks to recover for the full contract period on the ground that he was discharged from employment, he should declare specially on the contract alleging a breach.

2. PLEA IN ABATEMENT—WAIVER BY PLEADING OVER.—Where a party after demurrer overruled to a replication to a plea in abatement, pleads the general issue and goes to trial upon the merits, he will be held to have waived his plea in abatement.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed July 23, 1879.

Messrs. DOUD & WING, for appellant; that it is not lawful to sue a defendant out of the county where he resides, the plaintiff not residing in the county where suit is brought, and the court had no jurisdiction, cited Kenney v. Greer, 13 Ill. 432.

As to residence: Frost v. Brisbin, 19 Wend. 11; Way v. Way, 64 Ill. 406; Board of Super's v. Davenport, 40 Ill. 197; Semple v. Anderson, 4 Gilm. 546; Haddock v. Waterman, 11 Ill. 474; Hamilton v. Dewey, 22 Ill. 491; Linton v. Anglin, 12 Ill. 284.

It is error to give instructions not based on the evidence: Frame v. Badger, 77 Ill. 441; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174.

Instructions should not give undue prominence to isolated portions of the testimony: Frame v. Badger, 79 Ill. 441; Homes v. Hale, 71 Ill. 552; Hewitt v. Johnson, 72 Ill. 513.

An instruction upon improper testimony is error: Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119.

Where there is an express contract, a recovery cannot be had under an implied one: Chitty on Pl. 338.

White v. Gray.

The judgment is excessive, and cannot stand: Pierce v. Roche, 40 Ill. 292; Schwabacher v. Wells, 49 Ill. 257; Kirkpatrick v. Howk, 80 Ill. 122; Cassell v. Hays, 51 Ill. 261.

A plea to the jurisdiction of the court need not be sworn to: Howe v. Thayer, 24 Ill. 246; Drake v. Drake, 83 Ill. 526; Tiffany v. Spalding, 22 Ill. 493.

As to rule for construing statutes: C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 260.

Interest should not have been allowed: Sammis v. Clark, 13 Ill. 544; Hitt v. Allen, 13 Ill. 592.

Messrs. Jordan & Stough, for appellee; that the plea of defendant was not in abatement of the writ, cited Kenney v. Greer, 13 Ill. 432; Humphrey v. Phillips, 57 Ill. 132; Scott v. Waller, 65 Ill. 181.

As to service out of the county: Semple v. Anderson, 4 Gilm. 546; Hamilton v. Dewey, 22 Ill. 491.

Want of service is an error purely personal to the party not served: Henrickson v. Van Winkle, 21 Ill. 274; Horner v. Zimmerman, 45 Ill. 14; Greenman v. Harvey, 53 Ill. 386; Havighorst v. Lindberg, 67 Ill. 463; Clark v. Marfield, 77 Ill. 258.

The affidavit for continuance was not sufficient: McBain v. Enloe, 13 Ill. 76; Shirwin v. The People, 69 Ill. 55; Slade v. McClure, 76 Ill. 319; Stevenson v. Sherwood, 22 Ill. 238; Gass v. Howard, 43 Ill. 223.

Granting or refusing a continuance is in the discretion of the court: Vickers v. Hill, 1 Scam. 307; Slade v. McClure, 76 Ill. 319.

When a special contract has been performed, a recovery can be had under the money counts: Lane v. Adams, 19 Ill. 169; Combs v. Steele, 80 Ill. 101.

A surprise by testimony which was contradicted, is no ground for a new trial: Thompson v. Anthony, 48 Ill. 468.

A new trial will not be granted for the purpose of impeaching or contradicting a witness: Slade v. McClure, 76 Ill. 319; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388.

If a servant is discharged from service, he can recover for the full contract time: Badgley v. Heald, 4 Gilm. 64.

There was vexatious delay in payment, and interest may be recovered: Aldrich v. Dunham, 16 Ill. 403; Davis v. Kenaga, 51 Ill. 170.

There is evidence to support the verdict, and it should not be disturbed: Hartley v. Hartley, 49 Ill. 302; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

Objection that the verdict is excessive, should first be raised in the court below: Jones v. Jones, 71 Ill. 562; Emory v. Addis, 71 Ill. 273.

LACEY, J. This cause was tried in the Grundy Co. Circuit Court resulting in verdict and judgment for appellee for $761.85. The declaration contained the common counts for work and labor. It is claimed that appellants and George P. Adams were partners in business, carrying on a stone-quarry at Aux Sable. That appellee was hired to conduct their business for the season, at one hundred dollars per month. He commenced March 22nd, 1873, and quit October 15, 1873. The season ended in Nov. '73. Appellee had been paid on account $125. There is no evidence showing that appellee was discharged, but that he quit on his own motion, or by mutual consent. If appellee quit work without being discharged, or by mutual consent, he could only recover at the rate of $100 per month for the time he was actually employed. Again, if he sought to recover for his full contract price for the whole time, for the cause that he was discharged, he should declare specially on the contract setting up a breach. According to the evidence, if the appellee was entitled to recover at all, a question which we refrain from deciding, as the case may be passed upon by another jury, he was entitled only to recover after deducting credit, the sum of five hundred fifty-one and 67.100 dollars wages, for the actual time employed.

The question of the right by appellee to recover interest on account of vexatious delay, was not presented to the jury or passed upon by them. We see nothing in the evidence containing the elements of "vexatious delay." It appears that appellant was making a most vigorous and honest defense, and delay was occasioned because he refused to pay the claim, or because he wanted time to get ready for trial.

But even counting interest, the verdict would be too large.

The question raised on the plea in abatement by appellant has been considered.   It appears that appellant after his demurrer to appellee's replication to his plea in abatement was overruled, pleaded the general issue, and plea denying the joint liability sworn to, and went to trial on the merits of the case on those issues.   This was a waiver on his part of his plea.   Lindsay v. Stout, 59 Ill. 491.

Because the damages assessed by the jury were excessive, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.