## J. A. Trawick v. Peoria & Ft. C. St. Ry. Co.

1. CORPORATIONS—*Presumptions as to Power of President of—Notice of Restrictions Necessary.*—The president of a corporation may be presumed to be authorized to employ a bookkeeper for the company and a person so employed is not bound by any by-laws of the company restricting the powers of the president unless he had notice of them.

2. MASTER AND SERVANT—*Wrongful Discharge of—Suits for Amount Due on Salary.*—A servant who was employed for a specified term and wrongfully discharged during such term, has a right to recover his salary according to the terms of the contract, and may bring separate suits for payments due him as soon as they mature.

3. MASTER AND SERVANT—*Discharge Before Expiration of Contract and Offer of Employment at Reduced Wages.*—When a person is employed for a stated time at stipulated monthly wages and is notified of a reduction in his wages before the expiration of the term, an acceptance of continued employment at the reduced rate would be a modification of the original contract, and an abandonment of any claim for more; and a rejection of the offer neither prejudices his right of action nor reduces the amount of his recovery.

4. PLEADING—*Wages Due Under a Special Contract Recoverable Under the Common Counts.*—When a person who is employed under a special contract is discharged without fault on his part before the expiration of the term, he may recover the stipulated wages under the common counts.

Assumpsit, for a wrongful discharge. Appeal from the County Court of Peoria County; the Hon. ROBERT H. LOVETT, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ISRAEL C. PINKNEY, attorney for appellant.

IRWIN & SLEMMONS, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellee in the County Court of Peoria County.

By agreement of parties a jury was waived and a hearing had before the court, which, on March 4, 1896, found for the plaintiff below and rendered judgment against the appellant for the sum of $226.07 and costs of suit.

The declaration contained only the common counts.

On the trial of the cause it appeared from the evidence introduced that the claim was based on the following contract, dated August 23, 1895:

"CHICAGO, ILL., 8–23–'95.

Mr. J. A. Trawick, Peoria, Ill.

DEAR SIR: We find that appointments made a week or two since are illegal, by reason of the incorporation papers of the Peoria & Fort Clark Street Railway Co. not being filed in the county of Peoria before the officers were elected; I therefore confirm your appointment as cashier and bookkeeper of the Peoria & Fort Clark Street Railway Co. for a term of one year from date, at a salary of $115 per month, payable semi-monthly.

Yours truly,

F. W. HORNE,

Pres. Peoria & Fort Clark Street Railway Co.

Witness: A. M. SEARLES."

The appellee immediately entered upon his duties as cashier and bookkeeper for appellant under the terms of his appointment, and continued in such capacity until October 15, 1895, during which time he performed his services in a manner satisfactory to the company, when, on that date, the general manager informed appellee that his salary had been reduced from $115 to $90 per month.

The appellee refused to accept the reduction and insisted on his contract.

Mr. Briley, the manager, then told appellee that if he would not accept $90 per month that he would have to ask for his resignation.

The manager then said " that only left one alternative," and he would have to let appellee out, and said about all there was to do was to turn over the books to Mr. Teter, the cashier, which appellee did. Appellee testified that he had been willing to proceed with his services under his employment.

The suit was commenced the 26th day of December, 1895, and the appellee claimed and recovered from and including the 16th day of October, 1895, to the 26th day of December the same year, at the rate of $115 per month, making $226.07.

There is no dispute about the amount of the judgment being correct, provided the appellee had a right of recovery at all according to his claim.

The appellant makes several objections to the appellee's right of recovery; first, that the president of the company had no right to employ appellee; second, that the employment was the individual contract of Horne instead of the company; third, that he might have continued to work for appellant at $90 a month, received pay for that amount, and then he would only be entitled to recover the excess, $25 per month; fourth, that appellee could not recover under the common counts for work and labor where breach consists of wrongful dismissal from service.

We think there is nothing in any of these points raised by appellant.

It was clearly the intention of the president to employ appellee on behalf of the company, as the appellee entered upon the service of the company and drew his salary under the terms of his appointment, which clearly shows that he was employed by the company. Scanlan v. Keith, 102 Ill. 634.

The president of the company had the power to execute the contract. Smith v. Smith, 62 Ill. 496; McDonald v. Chrisholm, 131 Ill. 282; Glover v. Lee, 140 Ill. 107.

The appellee was not bound by any by-laws of the company restricting the powers of the president unless he had notice of them.   Union Mutual Life Insurance Co. v. White, 106 Ill. 75; Ashley v. Illinois Steel Company, 60 Ill. App. 179; Smith v. Smith, 62 Ill. 497.

The appellee had a right to proceed to bring his suit at the end of each period of payment of the salary then due and treat the contract as existing and recover his salary according to the contract. Hamlin v. Race, 78 Ill. 422; Mt. Hope Cemetery v. Widenham, 139 Ill. 67.

As we understand the evidence the appellee was discharged for the reason that he would not agree to a reduction of his salary; at least the court was justified in so finding.   Had appellee acceded to the proposition to reduce his wages and continued to work for $90 per month, it would have operated as an abandonment of his contract, and, under the proposition made by the company, he was justified in refusing to continue at the reduction.

Had the appellant offered to pay $90 per month and leave the question open as to the other $25, it might have presented a different question.   People's Co-operative Association v. Lloyd, 77 Ala. 387.   And the appellant has presented no proof that appellee could have obtained employment elsewhere.

A recovery may be had under the common counts in a case like this.   Halloway v. Talbot, 70 Ala. 392.

Again, the want of form of the declaration can not be made for the first time in this court.   There was no objection to the evidence or motion to exclude and no variance was pointed out in the court below.   L. S. & M. S. Ry. v. O'Connor, 115 Ill. 260; Ladd v. Piggot, 114 Ill. 653.

Many other cases might be cited.

The second refused proposition of law asked to be held for appellant was properly refused.   The appellee was under no obligations to search for Horne's authority to employ him.

The third and fourth were also properly refused.   They present the proposition that appellee, under the evidence,

was to remain under the offer of $90 per month, and on failure to do so could only recover $25 per month.

As we have seen, under the evidence, appellee was not bound to do so.

We see no error in the record. The judgment of the court below is affirmed.