## Monarch Cycle Mfg. Co. v. Rudolph Mueller.

1. FORMER RECOVERY—*When it is a Bar.*—Where an employe under a contract, having ceased to work before its expiration, brought a suit upon such contract and recovered a judgment, which was afterward paid by the defendant, *it was held* that this judgment was necessarily either for wages which he would have earned under the contract had he not been discharged, but which by reason of his discharge he did not earn, or for a breach of the contract and damages consequent thereto; but the gist of such action not being for wages actually

earned, but merely the breach of the contract, that such former re-covery was a bar to a subsequent action for wages or for a breach of the contract.

2. CONSTRUCTIVE SERVICES—*Discussion of the Doctrine.*—The court reviews the history and discusses the doctrine of constructive services, and is of the opinion that the Supreme Court has not adopted the doctrine.

Assumpsit, on a contract of employment. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for plaint-iff; appeal by defendant. Heard in this court at the October term, 1898. Reversed. Opinion filed June 12, 1899.

**Statement.**—This suit was brought upon a written contract. The contract was one of employment, by which appellant undertook to employ appellee as a foreman in its manufactory, for a period of three years from February 12, 1896, and at the rate of $5 per diem. Appellee worked under the contract until December 28, 1897. At the latter date he ceased to work, and whether he was wrongfully discharged or quit of his own motion, was a matter of dispute, and the evidence upon the trial was in that regard conflicting. The evidence was, however, sufficient to sustain the theory of appellee, viz., that he was improperly discharged, and that there was a breach of the contract by appellant.

A former and other suit was brought by appellee against appellant on January 22, 1898, upon the same contract, or for breach of it, before a justice of the peace, and a judgment rendered in that suit upon January 29, 1898, was afterward paid by appellant and satisfied. This former judgment was urged upon the trial as a bar to this suit. This suit also was begun before a justice of the peace, and was heard in the Circuit Court upon an appeal from the judgment of the justice of the peace. The evidence established conclusively that the former judgment recovered in the other suit was either for wages which appellee would have earned under the contract had he not been discharged, but which by reason of the discharge he did not earn, or for a breach of the contract and damages consequent thereto. The period of

time after the discharge of appellee covered by the judgment obtained in the other suit was from December 28, 1897, until January 15, 1898. The period of time sought to be covered by the suit here is from January 15, 1898, to the commencement of this cause before the justice of the peace.

In the Circuit Court appellee obtained verdict and judgment thereon for $187.50, from which judgment this appeal is prosecuted.

LACKNER, BUTZ & MILLER, attorneys for appellant.

FRED H. ATWOOD, FRANK B. PEASE and JOHN S. BUTLER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But one question is presented upon this appeal which need be considered, viz., the effect of the other and former judgment as a bar to this suit. It is clearly established by the evidence, and not seriously disputed, that the judgment recovered on January 29, 1898, was in part, at least, for wages claimed during the period from December 28, 1897, until January 15, 1898, which wages were not earned by appellee by reason of his wrongful discharge from employment under the contract; or, if not for that, then it was for damages resulting to appellee by reason of the breach of the contract by appellant.

It is contended by counsel for appellee that, when an employe engaged under a contract of hire for a specified time, the wages being payable in installments, is wrongfully discharged before the expiration of the period of hire, such employe may sustain several suits for the respective installments as they became due, as though they had been actually earned, and upon the theory of a constructive service, and that the one of such suits and a recovery thereunder will not operate as a bar to later suits for later installments under the same contract. It is urged that in such case the employe has a choice of remedies, and may either sue for a breach of the contract and recover once for

all his damages sustained, or may treat the contract as continuing, and upon his proffer of services thereunder recover each installment severally, as if it had been earned by actual service. Authorities of other States and England are cited in support of this contention. It will be found, however, that there is a decided conflict of the authorities upon the question, and that the later decisions, both of this country and of England, where the doctrine contended for was first announced, are against the contention. In 1880 the question was raised for the first time in this court, and in Jones v. Dunton, 7 Ill. App. 580, in separate concurring opinions by Presiding Justice McAllister and Justice Wilson, the decisions were reviewed with great care and thoroughness. In the opinion of Mr. Justice Wilson, it is pointed out that the doctrine of constructive services had its origin in a *nisi prius* decision in Gandell v. Pontigny, 4 Camp. 375, where the fiction of constructive services was resorted to in order to enable a servant, discharged without cause, to recover, under a count of *indebitatus assumpsit*, wages which in part he did not earn, but might have earned but for the wrongful discharge. It also appears that this decision was not followed in Archard v. Hornor, 3 Car. & P. 349, where it was held that a recovery could not be had on the common count for wages for any more than the time the plaintiff had actually served. And in Smith v. Hayward, 7 Ad. & El. 544, the court approved Archard v. Hornor, *supra*, and in effect repudiated the doctrine as announced in Gandell v. Pontigny, *supra*.

Other later English cases are cited to like effect, *i. e.*, holding that the doctrine of a constructive service to support an action for wages not earned, is not tenable. Fewing v. Tisdall, 1 Exch. R. 295; Goodman v. Pocock, 15 Q. B. 576; Cutter v. Powell, 2 Smith's Lead. Cas.; note 1245.

That there were American decisions which did not adopt the doctrine of constructive service is supported by the citation of Moody v. Leverich, 4 Daly 401, Whitaker v. Sandifer, 1 Duv. (Ky.) 261; Howard v. Daly, 61 N. Y. 362; to which might have been added Colburn v. Woodworth, 31 Barb. 381; Tarbox v. Hartensten, 51 Tenn. 78.

Since the decision in Jones v. Dunton, the question has again arisen in this court, and a like decision reached in Weill v. Fontanel, 31 Ill. App. 615.

The decisions in other States since the decision in Jones v. Dunton, are, so far as we have been able to find, in substantial accord with the rule as there announced. Parry v. Am. Opera Co., 19 Abbott's New Cases, 269; Olmstead v. Bach, 78 Md. 132; James v. Allen, 44 Ohio St. 226; Kahn v. Kahn, 24 Neb. 709; Lichtenstein v. Brooks, 75 Tex. 196; Richardson v. E. M. W., 78 Ind. 422; Soursin v. Salorgne, 14 Mo. App. 486.

It will be seen that in several of the cases cited the contract was for payment of wages in installments.

The same doctrine is announced by text writers. 2 Sutherland on damages, 475; 2 Black on Judgments, Sec. 752; H. G. Wood's Master and Servant, 246; Smith on Master and Servant (4th Ed.), 188, 165, note; 1 Addison on Contracts, 450, 650.

Sutherland says:

" The damages recovered are not wages for constructive services, but compensation for being prevented from earning the stipulated wages according to the contract of hiring."

Black says:

" A servant unlawfully discharged may treat the contract as rescinded and sue on a *quantum meruit* for services actually rendered, or he may bring his action for damages for breach of contract. He may wait to do this until the term is ended and recover his actual damages, or he may sue at once and recover his probable damages from the breach. But when he has elected his remedy and pursued it, a judgment in one action will be a bar to a further suit."

Wood says:

" This doctrine (of constructive services) has been adopted in numerous English cases since (Gandell v. Pontigny), which it will not be profitable to notice here; but after being repudiated, and again adopted, it was finally exploded, and the doctrine established that a person wrongfully discharged could not, by simply holding himself in readiness to perform his contract, be regarded as having in fact performed it, and thus entitled to sue for and recover his wages for the entire

term, but that he must be restricted in his recovery to the amount of his actual loss.    The action in such cases is not for wages, but for damages for breach of the contract.    It can not with any propriety be claimed that an action for wages can be sustained when the servant has in fact rendered no service."

Smith says (page 172), in respect to the common count for wages:

" When the servant elects to pursue this remedy immediately on his discharge, he can only recover wages for the period during which he has actually served.    And it is conceived that even if he wait till the expiration of the period for which he agreed to serve, and then bring an action in this form, he can not recover any more."

Addison says:

" Formerly, in certain cases, when the servant had tendered his services, and had been ready and willing to do his work, but had been wrongfully prevented, such tender of service and readiness and willingness to serve were considered tantamount to actual service, and he has been allowed, after the term of service had expired, to recover as for work actually done, etc.    *    *    *    But now there is no doubt that this doctrine of constructive service will not prevail," etc.

It is argued by counsel for appellee that the question is settled by decisions of the Supreme Court of this State, and that by such decisions the contention of appellee is sustained, and in this behalf they cite and rely upon the decisions in Hamlin v. Race, 78 Ill. 422, and Mount Hope Cemetery Association v. Weidemann, 139 Ill. 67.    We do not understand that either of these cases involved the question here presented.    In the former, the only question involved was whether the plaintiff, having brought suit against the employer before the expiration of the period of hire, could, because the suit came to trial after the expiration of that period, recover by way of damages what he might have earned under the contract in the period between the bringing of suit and the expiration of the time of hire.    In the latter case the suit was brought and came to trial before the expiration of the period covered by the contract, and a like

question was there presented, viz., whether damages could be allowed for the failure of the employment during the period after the date of the trial. In neither case was the question of the right to bring several suits upon the several installments of wages essential to a disposition of the case, and in the latter case it is expressly stated that such question is there unimportant.

The only decision of our Supreme Court, where the question here involved can be said to have been, of necessity, considered, is Trustees v. Shaffer, 63 Ill. 243, wherein it was held that " when a servant is hired for a fixed period and is discharged without cause during the term, he may recover for the whole time, deducting any amount obtained for work elsewhere, or which might have been obtained by reasonable effort. But the action must be special and not for work and labor done. The damages result from a breach of the contract, in consequence of the wrongful dismissal.. The services have never been performed, and therefore *indebitatus assumpsit* can not be maintained." And in support of this decision the court cite, among other cases, Archard v. Hornor, *supra*, and Smith v. Haywood, *supra*, in which the doctrine of a constructive earning of wages is distinctly repudiated.

We can not regard the decisions of the Supreme Court as having adopted the doctrine for which counsel for appellee contend, and we do regard the decision last cited as distinctly opposed thereto. If the suit first brought, and upon which a recovery was had, can not be treated as a suit for wages, because no wages had been earned, but must be treated as a suit for the breach of the contract, then it is apparent that a recovery in such suit is, in law, a complete recovery of all damages consequent to the breach, and must be held to be a bar to the suit now in question. We therefore hold that the gist of the action first brought, and upon which a recovery was had, not being wages actually earned, was merely the breach of the contract, and that such former recovery is a bar to the suit here in question. The judgment is reversed.