DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1905.

### Schwarzschild & Sulzberger v. Louis Goldstein.

#### Gen. No. 11,940.

1. FORM OF ACTION—*how determined in justice court.* The form of an action instituted before a justice of the peace is what the evidence makes it.

2. MALICE—*how question as to whether, is gist of action, determined.* Where the action in question was instituted before a justice of the peace, such question cannot be determined as a matter of law from an inspection of the docket of the justice but must be ascertained by resort to the evidence heard in the cause.

3. CAPIAS—*when improperly used.* The plaintiff in an action of tort may elect whether he have an execution against the body of the defendant or against his goods and chattels, and having had an execution against the goods and chattels of the defendant, the subsequent issue of a *capias* against his body is without jurisdiction and void.

4. HABEAS CORPUS—*when proper remedy.* *Habeas corpus* is the proper remedy by which to seek discharge from arrest under a void *capias.*

Action of replevin. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** Appellant sued appellee in replevin before a justice of the peace. The writ of replevin was returned property not found. The plaintiff, May 22, 1903, the defendant, Goldstein, not appearing, called for a

jury of six, and the jury, after hearing evidence, rendered the following verdict:

"We, the jury, find the issues for the plaintiff and also find that the defendant fraudulently took and fraudulently and with intent then and there to cheat and defraud the plaintiff on the eighth day of May, 1903, at Chicago, Illinois, converted to his own use six barrels of beef tongues, the property of the plaintiff, of the value of one hundred and forty-seven dollars, and assess the plaintiff's damages at the sum of one hundred and forty-seven dollars in trover."

The form of the verdict was prepared by the attorney for the plaintiff, presumably with the approval of the justice. The justice rendered the following judgment:

"Whereupon it is considered by the court that the ·said plaintiff have and .recover of and from the said defendant the said sum of one hundred and forty-seven dollars *in tort* for its damages in form as by the jury assessed, with costs."

May 23, 1903, on affidavit made by plaintiff's agent, execution was issued against the goods and chattels of the defendant, and was delivered to a constable, and was returned the same day endorsed: "No property found, no part satisfied." October 19, 1903, the plaintiff sued out from the justice and delivered to a constable a writ of *capias ad satisfaciendum* or execution against the body of the defendant, on which writ the defendant was arrested.

October 20, 1903, the defendant petitioned the County Court·to be discharged. from imprisonment in pursuance of the act concerning insolvent debtors, (Hurd's Rev. Stat. 1903, p. 1045) alleging that he was not guilty of fraud or. malice, and that October 5, 1903, he obtained from the United States District Court a discharge in bankruptcy, and that the plaintiff's debt was included in his schedule. The plaintiff answered, denying these averments, and such proceedings were had that a jury found the defendant, Goldstein, not guilty, and judgment for costs was rendered against the plaintiff, from which judgment this appeal is.

WHEELER, SILBER & ISAACS, for appellant.

ELIJAH N. ZOLINE, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant's attorney, before a jury was called, offered in evidence the justice's transcript, and moved the court, on the transcript, to remand the appellee to custody, which motion the court overruled. Counsel cite numerous cases to the effect that whether malice is the gist of an action must be determined by inspection of the record; that is, by inspection of the pleadings, showing what the issues were. The cases cited are all cases in courts of record, in which, consequently, pleadings are required, and have no application whatever to cases before justices of the peace, in which there are no written pleadings. Counsel for appellant correctly say that, in the court of a justice of the peace the action is what the evidence makes it, citing Blattau v. Evans, 57 Ill. App., 311; Block v. Blum, 33 ib., 644; Steele v. Hill, 35 ib. 211, and Swingley v. Haynes, 22 Ill. 214. This being true, the County Court could not determine, from the transcript of the proceedings before the justice, what the nature of the action was, or whether malice was of the gist of the action; because the evidence before the justice is not preserved in the transcript, or in any other way. Therefore, the court properly refused to grant appellant's motion. Moreover, appellee was entitled, under section 5 of the Insolvent Debtor's Act, to have the question whether he was guilty of fraud, as counsel charge, tried by jury.

Counsel contend that the verdict is against the weight of the evidence, and that some of the instructions are erroneous; but we do not think it necessary to discuss these contentions, as we think the judgment must be affirmed on a ground not discussed by counsel. The action was for a tort, as clearly appears from the evidence, and as appellant's counsel claim. Section 3 of article 11 of the act in relation to justices of the peace and constables is as follows: "Upon all judgments in actions of tort, or where the defendant is in

custody, or has been held to bail upon a *capias,* as provided
in this act, the justice may issue an execution against the
body *or* goods and chattels of the defendant, at the *election*
of the plaintiff." Hurd's Stat. 1903, p. 1167. Election is
"the act of choosing." As used in the law, it is thus defined:
"Law: The choice made by a party of two alternatives, by
taking one of which the chooser is excluded from the other.".
Webster's Dictionary. The word election is generally
used, in the law, in a case where a party has two inconsistent
remedies; but no question as to inconsistent remedies can
arise under section 3, because the section expressly mentions
two things and requires the plaintiff to elect between the two,
namely, between an execution against the body and an exe-
cution against the goods and chattels of the defendant. The
section cannot be otherwise understood, without practically
eliminating from it the words "or" and "election," which
would be contrary to the fundamental rule that effect must
be given, if possible, to every word of a statute. Had the
legislature intended that a plaintiff should, in cases *ex de-
licto,* have both remedies, it would have been so expressed, as
in the case of a fine imposed by a justice, in the exercise of
his criminal jurisdiction.

Sections 7 and 8 of article 18, chapter 79, authorize the
justice, when a fine is imposed, to issue, first, execution
against the goods and chattels of the defendant, and, if the
same shall be returned *nulla bona,* to issue a *capias* against
the body of the defendant. Hurd's Stat. 1903, p. 1173.

The transcript of the proceedings before the justice, in
this case, was put in evidence by appellant, and shows that
May 23, 1903, the appellant caused an execution to be is-
sued against the goods and chattels of appellee. This was
an election, and, therefore, the *capias* issued October 19,
1903, was unauthorized by law. While appellee might have
been discharged on *habeas corpus,* and perhaps such was the
proper remedy, appellant is not in a position to object to the
remedy pursued, and substantial justice having been done
by the judgment discharging appellee from imprisonment,
the judgment will be affirmed.                    *Affirmed.*