## Charles P. Patrick v. McAleenan Boiler Company.

### Gen. No. 4,836.

1. EMPLOYER AND EMPLOYEE—*duty of latter upon wrongful discharge.* It is the duty of an employee wrongfully discharged to seek and accept other employment of the same kind if he can reasonably obtain it, and the measure of damages is merely nominal if he obtains employment at as large or at a larger remuneration than that from which he was discharged, but if at a less rate, then the difference between what he received and the agreed salary would be the measure of damages.

2. INSTRUCTION—*when not predicated upon evidence not ground for reversal.* Where the transcript does not purport to contain all the evidence, an instruction predicated upon no evidence contained in the transcript is not ground for reversal. It will be presumed that the omitted portions of evidence sufficiently support the instruction complained of.

Assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed October 10, 1907.

QUINN, QUINN & OTMAN, for appellant.

PAGE & WEAD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in assumpsit brought November 3, 1905, by appellant against appellee upon a written contract for the employment of appellant from October 1, 1904, to October

1, 1905, as foreman of its factory in Peoria for the consideration of two hundred dollars per month, "so long as the contract shall remain in force and effect," to be paid at the end of each month. The contract contains the following clause: "The said Patrick further agrees that he is thoroughly competent in every respect to perform the duties of said position, and will in all respects act to the best advantage of said McAleenan Boiler Company and will at all times perform his said duties and services to the satisfaction of said company and its officers in control of its affairs." In the contract appellee agrees to pay appellant two hundred dollars per month, so long as this contract shall remain in force, to be paid each month following that in which the services were performed. Appellant performed services under the contract until January 30, 1905, when he was discharged.

The jury returned a verdict for appellant for $550. The appellant made a motion for a new trial, which was overruled; judgment was rendered on the verdict, and the plaintiff appeals.

In a special count in the declaration the appellant pleads the written contract and avers he accepted said employment and that he performed all the duties required of him until January 30, 1905, and did render such services and perform such duties to the satisfaction of the officers of defendant, and that on the 30th of January he was discharged and from that date prevented from going upon the factory premises and from exercising the duties of foreman, and that he did not agree to such discharge and from that date up to and including September 30th, he was ready, able and willing to perform all said obligations, but was by the defendant prevented from doing so, and that the salary due him for the months of February to September, inclusive, to the amount of sixteen hundred dollars is due, etc.

All that the bill of exceptions contains concerning the evidence is the written contract and the following: "There was evidence in the case tending to show a full compliance by the plaintiff with the terms and requirements of the written contract, down to January 30, 1905, upon which date the

Patrick v. McAleenan Boiler Co.

defendant discharged the plaintiff, and the evidence further tended to show that the services so rendered were satisfactory to the defendant and its officers in control of its affairs, and that the plaintiff was ready and willing to continue rendering said services until the date fixed in the contract for its termination. There was evidence further tending to show that no salary was paid to the defendant after December 31, 1904. There was evidence also tending to show that the plaintiff did not comply with his contract, and tending to show that the defendant terminated the contract because it and its officers in control of its affairs were dissatisfied with the services rendered by the plaintiff."

It is assigned for error, that the court gave improper instructions at the request of appellee, and refused proper instructions asked by appellant, and that the instructions given for the respective parties are in direct conflict with each other as to what is the rule of law where services are by a contract to be performed to the satisfaction of the employer. The controversy is this: appellant claims that appellee could not discharge him when dissatisfied with his services unless it was in good faith dissatisfied on reasonable grounds, and insists that the instructions given at the instance of the appellee inform the jury that appellee could discharge appellant whenever it was dissatisfied with appellant without giving any reasons therefor, and insists the instructions were conflicting.

The instruction given for the appellant is:

"You are instructed if you believe from the greater weight of the evidence that the plaintiff performed his part of the said contract in evidence, according to the terms thereof, and that the said defendant discharged the said plaintiff before the end of the term of said contract in evidence, and did not pay the wages agreed upon to the end of the term of the contract, and that such discharge was not on account of failure on the part of the said plaintiff to execute his part of said contract, or was not for the reason that the defendant or its officers in charge of its affairs, were in good faith dissatisfied with the services rendered by the said plaintiff,

under said contract, then and in that state of the proof, your verdict should be for the plaintiff, for such amount, if any, as the evidence discloses remains unpaid for services actually rendered, and for further amount (if shown) that he has sustained in damages by reason of his discharge as aforesaid, if he was so discharged, before the date fixed in the contract in evidence for its termination."

The fourth instruction given for the appellee is:

"The court instructs the jury that the plaintiff agreed under the contract in evidence, in this case that his services rendered and his duties performed, should be rendered and performed, to the satisfaction of the defendant and its officers in control of its affairs. You are further instructed that the question as to whether the plaintiff's services were rendered and his duties performed satisfactorily is not a question for this court nor for the jury, but was a question to be decided solely by the company, and its officers in control of its affairs, and in this case it is not for the court or for the jury to say whether the services performed by the plaintiff would have been satisfactory to the jury or not, but the sole question is whether or not they were satisfactory to the defendant and its officers in control of its affairs."

The jury, in finding for the appellant more than his unpaid salary for the time he worked, found that the appellant was wrongfully discharged and under such circumstances it is not necessary for us to decide the question that counsel have argued, namely, whether a contract to render services satisfactory to an employer may be terminated by the employer if he is in good faith dissatisfied with the service although that dissatisfaction may be unreasonable.

The appellant recovered $200 for his salary for the month of January, being for all the time he had served appellee that he had not been paid for; and the sum of $350 damages in addition is included in the verdict and judgment. The jury followed the instruction given for appellant and found that appellant was not discharged because appellee was dissatisfied in good faith. The record does not show what

the appellant earned or was engaged in, during the eight months that elapsed between his discharge and October first. The case was tried by appellant on the theory that he was or might have been employed during that time, as 'he asked an instruction concluding, * * * "then said defendant is liable to said plaintiff for the whole time covered by the original agreement as therein specified, except as to what the plaintiff earned or might have earned by the use of reasonable effort and diligence on his part during the unexpired time." When appellant was discharged it became his duty to seek and accept other employment of the same kind, if he could reasonably obtain it, and the measure of damages would be merely nominal if he obtained employment at as large or a larger remuneration than that from which he was discharged, and if at a less rate, then the difference between what he received and the agreed salary would be the measure of his damages if he was wrongfully discharged. Trustees, etc., v. Shaffer, 63 Ill., 243; Mount Hope Cemetery Assn. v. Weidenmann, 139 Ill.; 67. In the absence of a complete record it will be presumed that the omitted portion contains that which justified the action of the trial court and jury. The omitted portions of the evidence may have cured what may appear to be erroneous in a fragmentary record. A complete record might show that appellant after a month and three-quarters secured work at the same or a larger salary. The bill of exceptions should have shown what the evidence tended to prove on that subject.

The instruction given for appellant copied at length above covered the law fully. The law in the refused instructions was regarding the same proposition as the one quoted, and there were incorporated in many of them matters of fact for which the bill of exceptions before this court shows no foundation in the evidence. The judgment is affirmed.

*Affirmed.*