## E. Doherty, Appellee, v. Schipper & Block, Inc., Appellant.

### Gen. No. 5331.

1. RES ADJUDICATA—*what estoppel by judgment.* A fact determined in one case is as between the same parties *res adjudicata* as to the same question subsequently in issue between the same parties in another suit arising out of the same transaction.

2. EMPLOYER AND EMPLOYE—*duty of latter wrongfully discharged.* A servant wrongfully discharged must look for other employment and must accept and enter upon any reasonable employment of the same kind which he can obtain.

3. EMPLOYER AND EMPLOYE—*remedy of latter wrongfully discharged.* An employe wrongfully discharged cannot hold himself in readiness to perform his contract of service and by successive suits upon the theory of constructive service recover the various installments of salary as they accrue according to the terms of the contract of employment. Such employe can have but a single action—and that for the damages occasioned by the wrongful discharge; and a recovery in one action, upon whatever theory instituted, is a bar to all subsequent actions.

4. JUSTICE OF THE PEACE—*how form of action determined.* Where there are no written pleadings, as in a suit that comes before a justice of the peace, the action is what the proof makes it, regardless of the name which the plaintiff or the justice may give it.

Action commenced before justice of the peace. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1910. Reversed. Opinion filed October 18, 1910.

PAGE, WEAD, HUNTER & SCULLY, for appellant.

LUTHER C. HINCKLE, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Mrs. E. Doherty, the appellee, is a milliner trimmer. She was employed to work for Schipper & Block, Incorporated, the appellant, for eighteen weeks, at $25 per week, and was paid each Monday evening for the preceding week. At the end of the ninth week, she was discharged. She went to appellant's place of business on Monday and on Tuesday of the next week and was refused permission to work. She was paid for all the time she worked. At the end of the tenth week she brought a suit before a justice of the peace and filed in that suit a bill of particulars as follows: "One week's salary as trimmer, $25 from April 27 to May 2, 1908, both dates inclusive." Upon a trial she had a judgment for $25 against appellant, and appellant paid the judgment. At the end of the term for which she was employed she brought this suit before a justice and filed therein the following bill of particulars: "For services rendered as trimmer (wage earner) for eight consecutive weeks, beginning with, to wit, May 4, 1908, and continuing to June 27, 1908, both dates inclusive, at $25 per week. $200." She recovered a verdict and a judgment for $200 before the justice. On appeal to the circuit court the cause was tried without a jury and she had a judgment for $200, from which defendant below appeals.

The main question of fact was whether the discharge was wrongful. We conclude the court was warranted in so finding from the oral testimony. But we conclude that the former judgment offered in evidence by appellant is conclusive that the discharge was wrongful, for there could have been no recovery in that first suit without it was found that the discharge was wrongful, and that issue, once determined by a final judgment, is settled between the parties. The fact that appellant, and not appellee, offered the judgment in evidence is immaterial. It is in evidence and it is conclusive that the discharge was wrongful.

The main question of law presented is whether the former judgment is a bar to this suit. Appellee contends that a servant who had been hired for a fixed term for agreed

wages to be paid in instalments, and who has been wrongfully discharged before the expiration of the term of employment, may hold himself in readiness to perform the service for which he was hired and, after any instalment or instalments of wages or salary has matured by the terms of the contract, may bring a suit or sucessive suits for such instalment or instalments, and may bring as many different suits as there would have been instalments payable during the rest of the agreed term of service if the employment had continued. Appellant contends that such an action cannot be maintained, but that the remedy is to sue for a breach of the contract, and, as the wrongful discharge constitutes but a single breach of the contract, there can be but one recovery for the damages arising therefrom. Appellee's theory is that where the servant has been wrongfully discharged and thereafter holds himself in readiness to perform till the end of the term, he constructively renders the service, and therefore is entitled to recover the several instalments of wages agreed to be paid him therefor. Each side argues that its position is supported by the decisions in this State, and the true meaning of those decisions must be considered.

In Higgins v. Lee, 16 Ill. 495, it was held that where performance of a contract is alleged, proof of an excuse for nonperformance will not sustain the allegation. In Russell v. Gilmore, 54 Ill. 147, it was held that where there has been a breach of a contract and damages resulting therefrom, the party injured cannot recover upon an *indebitatus assumpsit,* but he must declare especially for damages for the breach of the contract. In Parmly v. Farrar, 169 Ill. 606, it was held that a party relying solely on a contract, and seeking to recover in assumpsit under the common counts only, must prove full performance on his part in order to entitle him to recover. In Trustees v. Shaffer, 63 Ill. 243, a servant had been discharged without cause and brought his action to recover for the whole time of his employment after his discharge, and it was held that his action was not for work and labor done, but for damages for a breach of the contract, and that *indebitatus assumpsit* could not be main-

tained. In Dana v. Short, 81 Ill. 468, plaintiff contracted to work for defendant from September 21 through the winter at $10 per week, worked about one month, and was then discharged without cause and failed to procure employment elsewhere after reasonable efforts. It was held that he could not compel a specific performance, but that the law would give him redress for the damages he had sustained. The head note implies that he recovered just the wages agreed to be paid him. The judgment was affirmed. These cases favor appellant's contention.

Appellee relied on the following cases. In Hamlin v. Race, 78 Ill. 422, plaintiff was hired for a year at a salary payable in monthly instalments. He was afterwards discharged, and refused to receive the unpaid wages earned to the day of his discharge. About a month and a half after his discharge, and in the eighth month of his year, he sued to recover the balance for the full year, declaring in assumpsit, with a special count and the common counts. The question whether the discharge was wrongful was controverted. The year of his employment had expired before the suit was tried and he recovered the agreed wages for the full year, less what he had been paid. Defendants appealed and argued that as plaintiff was claiming that the contract was still subsisting and that he was ready and willing to perform it in full, he could only recover in that suit the amount that would have been due when the suit was begun if he had continued in the service of the defendants, and that it was error to admit proof of instalments that would have matured after the date when the suit was begun. This position was sustained and the judgment was reversed, because it included instalments not due when the suit was begun: The questions whether he could recover wages as such or only damages, and whether there could be more than one recovery for the term after the discharge, were not involved in the case, and therefore were not decided and could not be decided, and what was said on those subjects was only by way of argument and illustration. Plaintiff claimed that the contract was still subsisting after his discharge, and de-

fendants assumed that that position was sound and argued that on plaintiff's own theory he had recovered too much because he recovered the salary for the whole year, less the payments, whereas over four months of the year had not elapsed when the suit was begun. The court decided the case upon the basis assumed by both parties. In Mt. Hope Cemetery Assn. v. Weidenmann, 139 Ill. 67, Weidenmann, by written contract with the Association, was to serve it for five years from October 1, 1885, at an annual salary to be paid in monthly instalments. He was discharged on June 15, 1886, and that was treated as wrongful. There was due him his salary from May 1, to June 15, 1886. On October 22, 1886, he brought suit against the Association, filing the common counts only. On March 12, 1888, he filed a special count, which set out the contract and alleged his continued readiness to complete the services contracted for, but that defendant had prevented his doing so and had wrongfully discharged him and that he had thereby been deprived of the profits he otherwise would have derived from the completion of said service. The court held that, by that count, the plaintiff treated his discharge as a repudiation of the contract and sought to recover once for all his damages for being wrongfully prevented from performance, and that in that count he did not seek to recover wages, but damages. The case was tried without a jury on July 9, 1889, before the expiration of the period of employment. The trial court held that plaintiff was entitled to recover, first, the agreed salary remaining unpaid to the date of discharge; second, damages from the date of discharge to the date of trial, measured by the agreed salary, less what he had earned elsewhere during that time; and, third, damages from the trial to the end of the term, measured by the agreed salary, less a discount of six per cent per annum from the trial to the expiration of the agreed term of service. The supreme court held that the salary earned before the discharge was recoverable under the *indebitatus assumpsit* count, and that the damages from the discharge to the date of trial were recoverable under the special count; but that the trial court

erred in permitting a recovery for damages after the date of
the trial, because plaintiff could only recover his actual loss
and it might be that after the trial he would earn other
wages and perhaps even more than the salary defendant
agreed to pay him, in which case his damages thereafter
would be merely nominal, and that could not be known in
advance.   This was substantially all that was actually de-
cided in that case.   It was said in that opinion that plain-
tiff could have kept the contract alive and could have sued
for the several instalments of wages after they fell due, and
that in Hamlin v. Race, *supra,* the court had held that a
wrongfully discharged employe could keep the contract in
force and recover for the instalments as they severally fell
due.   As Weidenmann did not so elect and did not sue for
the salary accruing after the discharge, but sued for damages
for the breach of the contract, what was said by the court on
that subject was only by way of illustration and argument
and not by way of decision.   It will therefore be seen that,
though the opinions in Hamlin v. Race, *supra,* and Mt.
Hope Cemetery Assn. v. Weidenmann, *supra,* contain lan-
guage distinctly favorable to appellee, yet the points there
actually raised and decided are not applicable to this case,
while the other cases decided by our supreme court, to
which we have called attention, are in principle against the
position of appellee.

This question has been passed upon in the appellate courts
in the several districts of this State.   In Jones v. Dunton,
7 Ill. App. 580, and Monarch Cycle Co. v. Mueller, 83 Ill.
App. 359, the appellate court of the first district, in able and
exhaustive opinions, has collected many authorities from
other jurisdictions, and has strongly argued that the suit
of such an employe for that part of the term of employment
which comes after a wrongful discharge cannot be for wages
as such, and that the theory of constructive service has
been abandoned by the courts of England, where it origi-
nated, and is repudiated by most of the courts of this country;
but that the action must be to recover damages for the breach
of the contract, though the measure of damages will usually

be what the employe would have received under the contract, if he had been permitted to complete its performance, less what he has been able to earn elsewhere during that term or what he could have earned elsewhere by reasonable diligence, provided, always, that he has waited till the expiration of the term and till his damages are fully ascertained before he brings his suit. It is there also held that there can be but one recovery for the breach of the contract in wrongfully discharging the employe. In Jones v. Dunton, *supra*, there had been a judgment recovered in a prior suit brought after the discharge and that judgment had been paid, all substantially as in the case at bar. Mr. Justice McAllister, in a separate opinion, held that that judgment was a bar to the second suit. Like decisions have been rendered in the first district in Weill v. Fontanel, 31 Ill. App. 615; Bean v. Elton, 44 Ill. App. 442; and World's Columbian Exposition v. Thompson, 57 Ill. App. 606. Like views were expressed by the appellate court for the third district in City of Jacksonville v. Allen, 25 Ill. App. 54, and by the appellate court for the fourth district in Brown v. Board of Education, 29 Ill. App. 572. The decisions of the appellate court for this district on this subject have not been entirely consistent. In White v. Gray, 4 Ill. App. 228, the servant quit before the end of the term, either of his own accord or by mutual consent, and was not discharged. He brought suit against his master for his wages and filed the common counts only, and this court held that he had recovered more than he was entitled to. Apparently, he recovered for the full period of the contract, less what he had been paid. The court said in argument that if he had sought to recover for the full contract period on the ground that he was discharged, he should have declared specially, alleging a breach of the contract. In Moline Plow Co. v. Booth, 17 Ill. App. 574, we held that in a case similar to this the servant may, at the expiration of the period for which he was hired, bring his action and recover damages for the wrongful discharge, and that the measure of damage would necessarily be the amount he was to receive by the terms of the hiring, less what he

had earned or might have earned in some other employment of the same general character. In that case the plaintiff had notified his employer that he was ready to serve whenever it wanted him during the rest of the term. In Trawick v. Peoria & Ft. C. St. Ry. Co., 68 Ill. App. 156, an employe had been wrongfully discharged about two months after he had been employed for a year, at a certain salary payable semi-monthly. He brought that suit two months and ten days later, and recovered at the agreed rate to the commencement of the suit. His employer had offered to retain him at a lower salary, and only discharged him when he refused to accept the reduction. The main question was whether he was wrongfully discharged. The declaration contained only the common counts. It was said that a recovery could be had under the common counts in such case, but also that the want of form of the declaration had not been raised in the lower court and could not be raised for the first time in this court. In Am. Glucose Co. v. Lubitz, 71 Ill. App. 638, a like suit by an employe against his master, it was held that under the evidence the plaintiff was rightfully discharged and for that reason the judgment was reversed. An instruction as to the measure of damages in harmony with the current of authority above stated was discussed and approved, but we there said that the contract could be kept in force and the wages recovered as they fell due and that that was such a case. This was said in reliance upon those things said in Hamlin v. Race, *supra,* and Mt. Hope Cemetery Assn. v. Weidenmann, *supra,* which, as we have above pointed out, were not material to the point actually decided therein. In the Lubitz case there was no question raised whether a second suit could be maintained after one recovery. We regard Patrick v. McAleenan Boiler Co., 136 Ill. App. 563, as not in conflict with Trustees v. Schaffer, *supra,* and the cases above mentioned from the other appellate courts of this State. It will therefore be seen that, while this court has at least once incorporated in its opinion language from Hamlin v. Race, *supra,* implying that a discharged employe could hold himself in readiness

to serve and thereby acquire the right to recover successive instalments of wages accruing after his wrongful discharge, and may thereby have misled the court below, yet no such question has in fact been presented to us for decision and so decided by this court. We therefore feel at liberty to decide this question on principle.

The theory of constructive service in such a case requires the wrongfully discharged employe to keep himself at all times during the remainder of the term of his employment in readiness to resume his service, so that his master can at any time put him back at work under the old contract. On the other hand, it is the well-established measure of damages in this State in such a case that the wrongfully discharged employe must seek other employment of a like kind, and must accept it if he can find it by the exercise of reasonable diligence. If he brings suit after the end of the term, the measure of his damages will be the wages agreed to be paid him, less what he has been able to earn, and if he has been able to earn as much as the agreed wages he can only recover nominal damages. If he has not worked elsewhere, the employer may show that he could, by a reasonable effort, have gained other employment, and may diminish the damages by whatever he can show the plaintiff could have earned thereat. This is but another application of the rule that he who seeks to recover damages for any injury must show that he has done what he reasonably could to diminish the damages. Or, as generally stated, the law imposes upon a party injured by a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible. Hartford Deposit Co. v. Calkins, 186 Ill. 104; Wabash R. R. Co. v. Campbell, 219 Ill. 312; Evans v. Howell, 211 Ill. 85. This measure of damages, so firmly established in this State, is wholly inconsistent with the theory of constructive service. If the servant must look for other employment and must accept and enter upon any reasonable employment of the same character which he can find, he cannot at the same time be holding himself in readiness at all times to resume his place with his former master. Clark

v. Marsiglia, 1 Denio, 317; Howard v. Daly, 61 N. Y. 262; Chamberlain v. McCalister, 6 Dana (Ky.) 352; Whitaker v. Sandifer, 1 Duvall (Ky.) 262. We therefore conclude that we should not follow the expressions used in Hamlin v. Race, *supra,* and Mt. Hope Cemetery Assn. v. Weidemann, *supra,* which were not essential to any question there submitted for decision; but that Russell v. Gilmore, Trustees v. Schaffer, Jones v. Dunton, and Monarch Cycle Co. v. Mueller, *supra,* must be regarded as stating the true rule. It follows that we are of opinion that appellee could not recover wages under the contract, but could only maintain an action for damages for the breach of the contract. It also follows that she could have but one recovery for damages for the breach of the contract, and that, having once recovered a final judgment, which has been paid, she could not afterwards bring another action for a breach of the same contract. This is forcibly illustrated in the separate opinion of McAllister, P. J., in Jones v. Dunton, *supra.*

Here the proof shows that the plaintiff filed a bill of particulars in each suit claiming wages. Where there are no written pleadings, as in a suit begun before a justice, the action is what the proof makes it, regardless of the name which the plaintiff or the justice may give it. That rule has been applied under many varying circumstances, in Ballard v. McCarthy, 11 Ill. 501; Swingley v. Haynes, 22 Ill. 214; C. & R. I. R. R. v. Reid, 24 Ill. 144; Pollock v. McClurken, 42 Ill. 370; Powell v. Feeley, 49 Ill. 143; Allen v. Nichols, 68 Ill. 250; Rehm v. Halverson, 197 Ill. 378; Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311; Block v. Blum, 33 Ill. App. 643; Steele v. Hill, 35 Ill. App. 211; Fischer v. Spang, 43 Ill. App. 378; Columbian Hardwood Lumber Co. v. Langley, 51 Ill. App. 100; World's Columbian Exposition v. Thompson, *supra;* In Re Mansfield, 120 Ill. App. 511; and Schwarzchild v. Goldstein, 121 Ill. App. 1. If this rule be applied here, then each of these suits is in fact for a breach by appellant of the contract between the parties, regardless of what the plaintiff called it in her bill of particulars, and the one recovery bars this

SECOND DISTRICT—OCTOBER, 1910.        423

Atchison, Topeka & Santa Fe Ry. Co. v. Hough, 157 Ill. App. 423.

second suit. If, however, it be considered that by the bills of particulars each suit has been made an action to recover wages under the contract, then under the principles above stated, and under the authorities we have cited, this action for such wages cannot be maintained. We are of opinion that the plaintiff has no cause of action.

The judgment is therefore reversed.

*Reversed.*