### Arthur Saltzer, Appellee, v. Alexander Supply Company, Appellant.

### Gen. No. 5606.

DAMAGES—*what may be recovered in action for wrongful discharge.* An employe discharged without cause "may treat the contract of hiring as continuing and bring an action for a breach of the contract of employment against his employer for discharging him, and if the suit is not commenced or if commenced before but not tried, until his term of employment has expired he may recover the contract price of his wages, less what he has earned or by reasonable diligence could have earned in other employment subsequent to his discharge."

Action commenced before a justice of the peace. Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

STEARNS & ZIPF, for appellant.

ROSCOE J. CARNAHAN, for appellee; ROBERT P. ECKERT, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Under the date of January 12, 1910, appellant as the first party and appellee as the second party entered

into a written contract whereby appellee was to act as solicitor for merchandise for appellant for 80 days of 8 hours each, beginning about January 17, 1910, and ending about April 20, 1910, for a consideration therein named. Appellee paid appellant $5.00 for an agent's outfit and began work under the contract. Thereafter he conceived that appellant had violated the contract and he thereupon stopped work and, on February 7, 1910, brought this suit against appellant to recover for a breach of the contract. Before the justice he had a judgment for $25. Appellant appealed to the Circuit Court where, upon a trial without a jury, there was a finding and a judgment against appellant for $175, from which it prosecutes this appeal. The litigated questions are whether appellee was justified in ceasing the work under the contract, and if so, whether the proof justified the damages awarded.

In regard to paying for the goods for which appellee obtained orders the contract provided that he was "to order and deliver the goods reported sold; to pay for said goods as soon as delivered to customers and for all ordered within 20 days after shipment." He took and sent in some orders. Appellant refused to fill the orders, but by certain order blanks then sent him and by correspondence required that he should remit the cash with the order, and appellant would send the goods freight prepaid on orders amounting to $55 or more when the cash accompanied the order, or appellee should remit 20% with the order, or $5 if the order was less than $50, and have the goods sent C. O. D., or appellant should send to a bank a draft on appellee for the remaining amount due with bill of lading attached, or for the agent to procure the endorsement of some responsible merchant or some business man who was favorably reported by the commercial agencies, or that the agent obtain the special endorsement of some one not a business man, who owned property worth $1,000 over all debts, liabilities and exemptions, or to remit 20% of the order in ad-

vance and have the goods sent C. O. D. by express, or to adopt the mail order system, with payment in advance. The meaning of the contract is plain that appellee was to send the orders which he took to appellant, that appellant was to ship the goods to appellee, that appellee was then to deliver the goods to the purchasers and collect the pay when he delivered the goods, and remit the price to appellant, and that, in any event, he was to remit the price within 20 days after the goods were shipped by appellant, whose place of business was Chicago. Appellant refused to perform this contract, after appellee had obtained and sent in orders. Appellant's demand for cash or security before shipping the goods was a violation of the contract and justified appellee in cancelling the orders sent in, and in refusing to work longer under the contract, and in bringing a suit for the breach thereof.

The contract provided that upon the completion of 80 days' service, if appellee's commissions did not amount to $200 appellant would pay him in cash the deficiency. If he had completed the contract his compensation would necessarily have been at least $200. He testified that all that he was able to earn during that period was $25. This was practically undisputed. His damages therefore for a breach of the contract upon the basis of the compensation fixed by the contract was $175. The suit was begun before the expiration of the 80 days, but was tried in the Circuit Court long after that time had expired. We discussed the rights of the parties in such a case in Doherty v. Schipper & Block, 157 Ill. App. 413. In affirming that judgment the Supreme Court in Doherty v. Schipper & Block, 250 Ill. 128, said that an employe, discharged without cause, "may treat the contract of hiring as continuing and bring an action for a breach of the contract of employment against his employer for discharging him, and if the suit is not commenced or if

commenced before but not tried, until his term of employment has expired, he may recover the contract price of his wages, less what he has earned or by reasonable diligence could have earned in other employment subsequent to his discharge.'' As this case, though begun before, was not tried in the Circuit Court till after the term of employment had expired, it was proper for the Circuit Court to award $175 damages under the proofs. Appellant offered certain propositions of law, one of which was given and the others refused. We are of opinion that these propositions were correctly refused, but if they were not, we think the judgment should not be reversed, inasmuch as it is supported by the evidence. The 7th proposition sought to obtain the benefit for appellant of the following circumstance: After appellee had obtained his judgment before the justice but before the expiration of the 80 days, he was in Aurora and met an acquaintance and told her of his having started to canvass for this company, which made a specialty of shears. She asked if they dealt in left handed shears. He was unable to answer but said he would write to appellant for her on the subject, and he did so and ordered for her a pair of such shears, and appellant sent the shears to the lady. It is clear that he did not send this order under the contract in question nor as the agent of appellant, but wrote simply for the accommodation of this acquaintance.

The judgment is affirmed.

*Affirmed.*